UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RANDY LAVASSEUR, JR.,

     Plaintiff,

v.                                                                                  Hon. Jane M. Beckering

                                          Case No. 1:25-cv-630

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

### PROCEDURAL POSTURE

Plaintiff filed applications for DIB and SSI on March 25, 2022, alleging that he had been disabled since April 1, 2020, due to back issues and schizophrenia. (PageID.108, 300–04, 307–13.) He was 24 years old at the time of his alleged onset date and 26 years old at the time he filed his application. (PageID.108.) Plaintiff had completed high school and had previous work as a

casting machine operator and a production machine tender. (PageID.46, 348.) Plaintiff's applications were denied initially and on reconsideration, after which he requested a hearing before an Administrative Law Judge (ALJ).

On April 10, 2024, ALJ Nicholas Ohanesian held a hearing and received testimony from Plaintiff, who was represented by counsel; Dr. Malancharuvil, a medical expert who addressed Plaintiff's mental impairments; and Michelle Ross, an impartial vocational expert (VE). (PageID.57–105.) On May 22, 2024, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled since his alleged onset date of April 1, 2020, through the date of the decision. (PageID.34–48.) The Appeals Council denied Plaintiff's request for review on April 7, 2025. (PageID.19–22.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on June 6, 2025.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing his past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2025, and had not engaged in substantial gainful activity since his alleged onset date of April 1, 2020, the ALJ found that Plaintiff has severe impairments of lumbar degenerative disc disease with pseudoarticulation status post excision; obesity; chronic pain syndrome; substance induced psychotic disorder; mood disorder; posttraumatic stress disorder; alcohol use disorder; and cannabis use disorder. (PageID.PgeID.36–37.)

---

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.37–40.) The ALJ then found that Plaintiff had the RFC to perform light work within the meaning of 20 C.F.R. §§ 404.1567(b) and 416.967(b), except:

> he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can frequent balance; he can occasionally stoop, kneel, crouch, and crawl; he can have no exposure to hazardous moving machinery or unprotected heights; he will require the opportunity to alternate between sitting and standing as frequently as every hour; he is limited to receiving, comprehending, and executing repetitive tasks; he is limited to work that is object centered as opposed to public service centered; and he can perform no work where he is responsible for the safety of others.

(PageID.40.)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (PageID.46–47.) At step five, based on the VE's testimony, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of light assembler, folder, and inspector, approximately 394,000 of which existed in the national economy. (PageID.219.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Thus, the ALJ concluded that Plaintiff was not disabled.

## DISCUSSION

Plaintiff raises three issues in his appeal: (1) the ALJ violated 20 C.F.R. § 404.1520c during evaluation of the evidence because he failed to properly consider all of the evidence; (2) the ALJ committed reversible error because he violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider the mandatory factors of supportability and

consistency; and (3) the ALJ committed reversible error by relying at least in part upon Plaintiff's daily living activities to reject his claim for benefits. (ECF No. 15 at PageID.1520.)

## I.      Dr. Morgan's Report

Plaintiff's first claim of error, although couched as a violation of the regulation governing evaluation of opinion evidence, implicates an ALJ's duty to consider all of the evidence as a whole. As noted in *Kornecky v. Commissioner of Social Security*, 167 F. App'x 496, 508 (6th Cir. 2006), "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party[.]" Plaintiff contends that the ALJ failed to mention, and apparently failed to even review, the report Dr. Jarrad W. Morgan, D.O., generated for Plaintiff's criminal defense attorney. (ECF No. 19 at PageID.1538.) However, Plaintiff is mistaken. The ALJ specifically referenced Dr. Morgan's report (PageID.1478–90) twice in his decision. (PageID.43, 46.) The ALJ cited the report both in his discussion of the medical evidence and in describing the "other evidence in the record" he considered, specifically referring to the last page of the report describing Plaintiff's mental state between September 2020 and November 2022. (PageID.46 (citing PageID.1490).)

Plaintiff also suggests that Dr. Malancharuvil, the medical expert who testified at the hearing, neither mentioned nor reviewed Dr. Morgan's report. (ECF No. 19 at PageID.1538.) This argument lacks merit because it ignores Dr. Malancharuvil's hearing testimony. The doctor testified that he reviewed all of the medial records "up to 29F," (PageID.65), which clearly includes Dr. Morgan's report marked as Exhibit 28F. (PageID.1478–90.) In fact, Plaintiff's counsel specifically questioned Dr. Malancharuvil about Exhibit 28F, including his basis for rejecting Dr. Morgan's conclusion that Plaintiff was suffering from psychotic symptoms prior to his 2022 hospitalization. (PageID.71–74.) Thus, both the ALJ and Dr. Malancharuvil considered Dr.

Morgan's report.[2] To the extent that Plaintiff believes Dr. Morgan's report supports greater restrictions, this is not a basis for remand. *See Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir. 2001) (observing an ALJ's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion").

In his reply, Plaintiff concedes that the ALJ indeed referenced Dr. Morgan's report in his decision, which means it is reasonable to assume that he considered it. (ECF No. 23 at PageID.1549–50.) And as noted, the report was discussed at some length during the hearing. Plaintiff also contends that Dr. Morgan's report raises an issue as to whether there was a possible closed period of benefits. (*Id.* at PageID.1550.) But Plaintiff did not raise this as an issue in his appeal to this Court, and more importantly, his counsel did not request that the ALJ consider a closed period of disability. *See Pulasky v. Comm'r of Soc. Sec.*, No. 20-cv-12658, 2022 WL 722334, at *5 (E.D. Mich. Feb. 4, 2022), *adopted by* 2022 WL 722201 (E.D. Mich. Mar. 9, 2022) (rejecting the plaintiff's argument that the ALJ erred in failing to provide his rational for not considering a closed period of disability because the plaintiff "did not request the ALJ to consider a closed period of disability"); *Hein v. Saul*, No. 18-1459, 2019 WL 4509381, at *6 (M.D. Fla. Sept. 19, 2019) ("A claimant's failure to request consideration of a closed period of disability precludes the claimant from arguing on appeal to the district court that the ALJ erred by failing to consider the same."); *Hunter v. Saul*, No. 1:19-CV-120, 2020 WL 2544531, at *3 (W.D. Ky. May 19, 2020) (finding that the ALJ did not err in failing to consider a closed period of disability because, among other reasons, his counsel "did not request consideration for a closed period of disability"). Therefore, this claim of error lacks merit.

---

[2] To the extent Plaintiff contends that the ALJ should have evaluated Dr. Morgan's opinion pursuant to 20 C.F.R. §§ 404.1520c and 416.920c, the ALJ properly declined to do so because his opinion does not qualify as a medical opinion under 20 C.F.R. §§ 404.1513(a)(2) and 416.913(2).

**II.      Opinion Evidence**

The ALJ evaluated the opinion evidence pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(1)–(5) and 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors but is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 420.1520c(b)(2) and (3) and 416.920c(b)(2) and (3).

"[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). "'Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [his] reasoning.'" *Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *13 (E.D. Mich. Aug. 23, 2021), *adopted by* 2021 WL 4316852 (E.D. Mich. Sept. 23, 2021) (quoting *White v. Comm'r of Soc. Sec.*, No. 1:20-CV-588, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)).

Plaintiff's argument here appears to relate to the opinion of his treating psychologist, Katherina Jawor, D.O., which the ALJ evaluated as follows:

> Katherina Jawor, D.O., stated that in September 2023, the claimant has significant symptoms that would preclude him from being able to function in a work setting. Dr. Jawor added that the claimant has marked limitation [in] maintaining attention and concentration for extended periods, as well as working in coordination with or proximity to others without being distracted by them and completing a normal workday or workweek. Dr. Jawor added that the claimant has moderate mental limitations in nearly all other mental areas except remaining locations, performing activities within a schedule, interacting with public, interacting with coworkers, being aware of normal hazards, and traveling in unfamiliar places (Exhibit 24F). This opinion is minimally persuasive. This opinion contained minimal analysis by Dr. Jawor to support marked limitations in functioning, as the opinion generally states that the claimant's mental impairments cause these restrictions without providing specific findings. Moreover, this opinion is inconsistent with the claimant's post-hospitalization treatment notes that show numerous normal mental status findings following improvement with medication management.

(ECF No. 6, PageID.45.) The ALJ's discussion sufficiently articulates his consideration of both the supportability and consistency factors. First, the ALJ noted that the opinion was not well supported as it contained minimal analysis. This characterization was accurate. (PageID.1418–20.) As to consistency, the ALJ found the opinion inconsistent with Plaintiff's post-hospitalization treatment notes showing normal mental status findings and improvement with medication management. This is all the regulation requires.

To the extent Plaintiff argues that the ALJ erred because "an ALJ must support giving greater weight to the to the opinions of non-examining physicians with substantial evidence" (ECF No. 15 at PageID.1522), the argument lacks merit. First, under the current regulations, ALJs no longer weigh medical opinions. Rather, as set forth above, ALJs now evaluate medical opinions for their persuasiveness. The regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). For this reason, Plaintiff's

citation of *Miller v. Commissioner of Social Security*, 811 F.3d 825 (6th Cir. 2016), is misplaced because it was decided under the prior regulations.[3]

Accordingly, the ALJ properly evaluated the medical opinion of Dr. Jawor in accordance with the applicable regulation.

### III.    Subjective Symptoms

Plaintiff contends that the ALJ erred in relying on his activities of daily living to discount his subjective complaints. An ALJ evaluates a claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms of an alleged disability in accordance with SSR 16-3p. "While SSR 16-3p eliminated the use of the term 'credibility,' the regulatory analysis remains the same." *Karmol v. Comm'r of Soc. Sec.*, No. 1:17-cv-977, 2019 WL 1349485, at *3 (W.D. Mich. Mar. 26, 2019). An ALJ should consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) but "is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Comm'r of Soc. Sec.*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases). SSR 16-3p explains that an ALJ's decision must "contain specific reasons for the weight given to an individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10. The same rules of review apply to an ALJ's assessment of a claimant's symptoms under SSR 16-3p that applied to a credibility assessment under SSR 96-7p. That is, the ALJ's

---

[3] Plaintiff cites the Ninth Circuit's decision in *Ferguson v. O'Malley*, 95 F.4th 1194 (9th Cir. 2024), for the proposition that an ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony about the severity of his impairments. (ECF No. 15 at PageID.1522–23.) Plaintiff's argument is unconvincing because that is not the standard in the Sixth Circuit. Moreover, it is immaterial as Plaintiff has not challenged the ALJ's findings regarding his subjective symptoms as an issue in his brief.

determination must be afforded deference so long as it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 171 (6th Cir. 2020) (noting that "[i]t is for the administrative law judge, not the reviewing court, to judge the consistency of a claimant's statements").

Plaintiff contends that the ALJ's findings regarding his subjective symptoms are "questionable" because his description of Plaintiff's activities of daily living, which the ALJ relied on to support his unfavorable decision, was contrary to Plaintiff's hearing testimony that he often neglected his personal hygiene and did not watch television. (ECF No. 15 at PageID.1522.) But the ALJ identified many activities that Plaintiff mentioned in both his function report and his hearing testimony as providing some support for his conclusion that Plaintiff's physical and mental symptoms were not as limiting as he alleged, and he summarized them as follows:

> [T]he claimant admitted in his disability filings that he cleans the house, cooks, showers, and plays video games. He did not report mental limitations with personal care activities. He can wash laundry, vacuum, sweep, and take out the garbage. He can drive and shop in stores. He is able to handle money including paying bills, counting change, handling a savings account, and using a checkbook. The claimant added that he enjoys watching television. He also spends time with friends and talks with them in person (Exhibit 4E). At the hearing, the claimant similarly admitted that he lives with friends. He drives two to three times a week. He stated that he reminds himself to take care of his hygiene. He plays video games, prepares meals, eats meals, and walks around the house. He gets along well with his friends and his brother. He washes laundry and grocery shops weekly. The claimant's admissions and reported activities demonstrate the claimant was and is less limited than he alleged.

(PageID.42.)

The ALJ did not err in considering Plaintiff's daily activities in assessing Plaintiff's subjective complaints, as the regulation specifically identifies daily activities as a factor an ALJ may consider. 20 C.F.R. §§ 1529(c)(3)(i) and 929(c)(3)(i). Moreover, the ALJ did not focus solely on Plaintiff's daily activities in determining his capacity to perform basic mental-related work activities. The ALJ also considered Plaintiff's history of treatment, noting that in early 2021

11

Plaintiff had declined medication and stated that his symptoms were managed without it, but following his March 2022 hospitalization, he was doing much better with medication management and had good energy and concentration, intact attention, intact memory, fair judgment and insight, logical thought process, and improved thought content. (PageID.43.) The ALJ also cited consistently normal mental status findings throughout 2023 and 2024 and noted that Plaintiff received conservative mental health treatment limited to counseling and prescribed psychotropic medication. (*Id.*) Plaintiff fails to show that the ALJ gave undue weight to his daily activities or otherwise erred by considering them as one factor in his analysis of Plaintiff's subjective symptoms. *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("[T]he ALJ did not give undue consideration to Temples' ability to perform day-to-day activities. Rather, the ALJ properly considered this ability as one factor in determining whether Temples' testimony was credible."); *Clark v. Comm'r of Soc. Sec.*, No. 1:23-cv-1024, 2024 WL 3721202, at *6 (W.D. Mich. Apr. 12, 2024), *adopted by* 2024 WL 3311110 (W.D. Mich. July 5, 2024) (finding that "the ALJ did not equate plaintiff's daily activities to the ability to work full-time; rather, the ALJ appropriately cited his activities as some evidence that he was not as limited as he alleged." (internal quotation marks and brackets omitted)); *Stark v. Comm'r of Soc. Sec.*, No. 5:17 CV 2187, 2019 WL 400606, at *10 (N.D. Ohio Jan. 31, 2019) ("Daily activities are a factor to be considered in assessing a claimant's subjective symptom reports. . . . The Appeals Council did not equate these activities alone with the ability to perform full-time work, but rather considered them as one factor in evaluating Plaintiff's subjective complaints." (internal citations omitted)).

In sum, although Plaintiff disagrees with the ALJ's evaluation of his subjective symptoms, the ALJ's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir.

2001). Where, as here, substantial evidence supports the ALJ's conclusion, the ALJ's findings must stand. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Although Plaintiff would weigh the evidence differently, a court may not do so on appeal.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **affirmed.**

Dated: April 6, 2026                                   /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).