UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY LV,

      Plaintiff,

                                     Case No. 1:25-cv-630

v.

                                       HON. JANE M. BECKERING

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration.  42 U.S.C. § 405(g).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 24), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Obj., ECF No. 25).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.  The Court will deny the objections, adopt the Report and Recommendation, and issue the following Opinion and Order.

Plaintiff raises three separately numbered objections to the Report and Recommendation. He offers just a few paragraphs of analysis, largely duplicating the briefing he submitted to the Magistrate Judge (Obj., ECF No. 25 at PageID.1567–1571).  For the reasons stated below, the Court concludes that each of Plaintiff's objections lack merit.

***First Objection***.  Plaintiff argues that "the ALJ violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider . . . the consultative report of Dr. Morgan" (Obj., ECF No. 25 at PageID.1567–1568).  The Report and Recommendation specifically addresses this topic, offering analysis and authorities indicating that Plaintiff is mistaken and that the ALJ did expressly consider the evidence in question (R&R, ECF No. 24 at PageID.1558–1559, citing *Kornecky v. Commissioner of Social Security*, 167 F. App'x 496, 508 (6th Cir. 2006)).  Plaintiff fails to identify factual or legal error in the Magistrate Judge's analysis, and to the extent Plaintiff simply reiterates arguments that he submitted below, he has failed to raise a proper objection.  *See Evans v. Ordiway*, No. 2:24-CV-36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)) (collecting cases); *accord Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").  This objection fails.

***Second Objection***.  Plaintiff argues that "the ALJ committed reversible error . . . because he failed to properly consider . . . supportability and consistency" in connection with certain medical evidence, including evidence offered by Drs. Malancharuvil and Jawor (Obj., ECF No. 25 at PageID.1568–1570).  "[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Bigford v. Comm'r of Soc. Sec.*, No. 1:23-CV-585, 2024 WL 3292605, at *4 (W.D. Mich. Apr. 2, 2024), *R&R adopted*, No. 1:23-CV-585, 2024 WL 3083251 (W.D. Mich. June 21, 2024).  Again, the Magistrate Judge addressed this argument in detail, and to the extent Plaintiff simply recycles the analysis that he previously submitted, he has failed to raise a proper objection.  *See Evans*, 2026 WL 309173 at *4; *Peacock*, 2016 WL 2997429 at *1 (collecting cases); *Miller*, 50 F.3d at 380.

2

Additionally, "[w]hile Plaintiff may disagree with the result of the Magistrate Judge's determination," his objection "reveals no factual or legal error" in the Report and Recommendation. *See Cannon v. Comm'r of Soc. Sec.*, No. 1:23-CV-388, 2024 WL 1854223, at *1 (W.D. Mich. Apr. 29, 2024). "Plaintiff's argument simply amounts to yet another request that the Court reweigh the evidence and reach a different conclusion, which is not a proper basis for reversal." *Id.* (citing *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398 (6th Cir. 2016); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If it is supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."). This objection fails.

***Third Objection***. Plaintiff argues that "the ALJ committed reversible error by relying at least in part upon Plaintiff's daily living activities to reject his claim for benefits" (Obj., ECF No. 25 at PageID.1570–1571). Again, Plaintiff repeats arguments expressly considered and rejected by the Report and Recommendation, with no serious attempt to identify error in the Magistrate Judge's analysis or citations to applicable authorities (*see id.*). "Such duplication defeats the purpose of the Federal Magistrates Act[.]" *Miller*, 50 F.3d at 380. This objection also fails.

In sum, Plaintiff has failed to raise proper objections and has further failed to identify factual or legal error in the Report and Recommendation. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 25) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 24) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:  June 23, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

3